# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DAVID L. FLANIGAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| **INDEPENDENT BANK; TRANS UNION LLC;** ) | |
| **and EQUIFAX INFORMATION SERVICES** ) | **JURY DEMAND** |
| **LLC,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

COMES NOW Plaintiff David L. Flanigan, by and through counsel, in the above styled cause, and states his Complaint as follows:

### PARTIES

1.  Plaintiff David L. Flanigan is a resident of Jefferson County, Alabama, over 19 years of age, and is competent to bring this action.

2.  Defendant Independent Bank (hereinafter "Independent") is a Tennessee corporation with its principal place of business located in Memphis, Tennessee and was doing business in Jefferson County, Alabama at all times material to this Complaint.

3.  Defendant Trans Union LLC (hereinafter "TU") is a credit reporting agency ("CRA"), registered in Delaware with its principal place of business located in Chicago, Illinois and was doing business in Jefferson County, Alabama at all times material to this Complaint.

4.  Defendant Equifax Information Services, LLC (hereinafter "Equifax") is a credit reporting agency ("CRA") registered in Georgia with its principal place of business located in

Atlanta, Georgia and was doing business in Lee County, Alabama at all times material to this Complaint.

## FACTUAL ALLEGATIONS

5. Sometime around December, 2006, Plaintiff entered into a loan agreement with Defendant Independent for the purchase of a vehicle.

6. Plaintiff made every payment due on the loan with Defendant Independent and completely paid off the loan around April, 2012.

7. In or around April, 2012, Defendant Independent began harassing and intimidating Plaintiff by sending him letters inaccurately claiming his vehicle loan was delinquent when it had been completely paid off by Plaintiff.

8. Plaintiff corresponded with Defendant Independent disputing its inaccurate accounting of his vehicle loan and requested a payment history from Independent for his loan.

9 Instead of providing Plaintiff with a payment history or even checking its own accounting of Plaintiff's loan, Defendant Independent continued to send Plaintiff harassing and threatening letters inaccurately claiming Plaintiff owed it more money on his vehicle loan and further threatening to add on more illegal and fraudulent fees to the inaccurate loan balance.

10. During this time, Plaintiff checked his credit reports and discovered Defendant Independent was and is inaccurately reporting his loan to Defendants TU and Equifax.

11. Plaintiff disputed the inaccurate Independent trade line showing on the credit reports prepared by Defendants Equifax and TU requesting a reinvestigation into the inaccurate Independent trade line.

12. Defendant Independent illegally, wrongfully, and inaccurately verified its inaccurate information pertaining to Plaintiff's account with it with Defendants TU and Equifax.

13.     Plaintiff is a "consumer" as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, et seq..

14.     Plaintiff sent dispute letters to Defendants Equifax and TU informing both of them that Defendant Independent was inaccurately reporting on his credit reports and Defendants Equifax and TU notified Defendant Independent of the Plaintiff's dispute with regard to its trade line pertaining to Plaintiff.

15.     Plaintiff requested the accounts be made accurate or deleted since the credit reports prepared by Defendants TU and Equifax were and are inaccurately reporting the Independent account on Plaintiff's credit reports.

16.     Plaintiff provided Defendant TU with her case number and disposition of her case and even provided the contact information for the District Court and Cap One's lawyers in the District Court to verify that Plaintiff had indeed won the lawsuit in order to determine that this account should be immediately deleted from her credit reports.

17.     No Defendant was concerned or cared about what the Plaintiff was telling them and no Defendant had any intention of performing a reasonable reinvestigation.

18.     In fact, no Defendant performed any type of reasonable investigation and/or re-investigation.

19.     Defendants Equifax and TU notified Defendant Independent in accordance with the FCRA of the dispute by the Plaintiff and Defendant Independent failed to properly investigate and correct Plaintiff's account as required by the FCRA.

20.     Alternatively, Defendants Equifax and TU did not properly notify Defendant Independent, and as a part of this failure, did not include all relevant information provided by Plaintiff in their notification of Defendant Independent.

21. All Defendants failed to properly investigate and/or re-investigate these disputes, and if Defendants had properly investigated, the accounts would have been made accurate or deleted.

22. On or about January 1, 2013, Defendant TU prepared a report in response to Plaintiff's dispute wherein TU verified the inaccurate trade line of Defendant Independent inaccurately stating there is a balance and a past due amount on Plaintiff's account with Independent, refusing to make accurate or delete the inaccurate trade line in violation of the FCRA.

23. On or about January 1, 2013, Defendant Equifax prepared a report in response to Plaintiff's dispute wherein Equifax verified the inaccurate trade line of Defendant Independent inaccurately stating there is a balance and a past due amount on Plaintiff's account with Independent, refusing to make accurate or delete the inaccurate trade line in violation of the FCRA.

24. The report Defendants TU and Equifax prepared and issued to Plaintiff and the failure to properly and/or reasonably investigate and re-investigate by Defendants TU, Equifax, and/or TU following the dispute by Plaintiff.

25. All Defendants were provided with sufficient information in the dispute and in their own internal sources of information to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

26. Despite this knowledge, Defendants TU and Equifax completely abdicated their obligations under federal and state law and have instead chosen to merely "parrot" whatever the customer, Defendant Independent, has told it to say.

27. Defendants TU and Equifax have a policy to favor the paying customer, in this situation Defendant Independent, rather than what the consumer says about a debt.

28. The primary reason for this wrongful policy is that furnishers in general, and debt collectors specifically, provide enormous financial rewards to these Defendants.

29. The importance of keeping balances on credit reports is that all the Defendants understand that one of the most powerful methods furnishers (and debt collectors) have to wrench payment from a consumer is by placing accounts with balances on the consumer's credit reports.

30. Defendants TU, Equifax, and Independent have a policy and procedure to refuse to update credit reports of consumers, like Plaintiff, who do not owe the alleged debt. This practice and procedure keeps false information on the credit report. The false information consists of a balance shown as owed when all Defendants know no balance is owed.

31. Defendant Independent promise through subscriber agreements or contracts to accurately update accounts but Independent has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, and state law, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

32. Defendant Independent had a duty, and has a duty it assumed through the subscriber agreement and other actions, to accurately report the balances, and this duty was breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

33. Defendants TU, Equifax and Independent have a policy and/or practice to "park" its accounts on at least one of the consumer's credit reports. In the credit reporting industry, the term "park" means to keep a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct. In this matter, all Defendants failure to remove Plaintiff's account is a prime example of "parking" an account in order to extort monies from consumers like Plaintiff in order to have an inaccurate trade line removed.

34. In parking or allowing the parking of an account, all Defendants know they are violating their obligations and duties under federal and state law to accurately report the account and/or the balance.

35. All Defendants know that parking a balance will lead to false and defamatory information being published every time the Plaintiff's credit report is accessed and this is the malicious and intentional design behind Defendants' actions with the goal to force the Plaintiff to pay on an account she does not owe.

36. All Defendants maliciously, willfully, intentionally, and/or recklessly, failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation and/or re-investigation into Plaintiff's disputes.

37. At all relevant times the Defendants TU and Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report and/or to conduct a reasonable and proper investigation and/or re-investigation and/or provide proper consumer disclosures, concerning the accounts in question, violating 15 U.S.C. §§ 1681e(b), 1681i and state law.

38. Defendant Independent failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report and/or to conduct a reasonable and proper investigation and/or re-investigation, concerning the account in question, thus violating state law and FDCPA as set forth in this Complaint. These violations occurred before, during, and after the dispute process began with the consumer reporting agencies.

39. Defendant Independent has taken aggressive actions in a continued effort to collect the alleged debt against Plaintiff. These actions include the continued reporting of the debt

to third parties, including consumer-reporting agencies such as TU ad Equifax, that Plaintiff owed the debt, that Plaintiff defaulted, and that the account was in collections.

40. Defendants TU and Equifax have failed to maintain Plaintiff's accounts with maximum accuracy and all Defendants have failed to properly investigate and/or re-investigate the accounts in response to the disputes made by Plaintiff.

41. The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

42. It is a practice of Defendants Independent to maliciously, willfully, and/or recklessly, ignore and refuse to follow the requirements of the FCRA and state law.

43. It is a practice of Defendants TU and Equifax to maliciously willfully, and/or recklessly ignore and refuse to follow the requirements of the FCRA, and state law.

44. All actions taken by employees, agents, servants, or representatives of any type for any and/or all Defendants in this action were taken in the line and scope of such individuals (or entities') employment, agency or representation.

45. All actions taken by any and/or all Defendants in this action were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and/or state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and/or state law. The inaccurate reports prepared by Defendants TU and Equifax have been used by third parties to cause adverse actions with respect to Plaintiff, including negatively affecting her credit, credit opportunities, insurance rates, credit card rates, and other such items.

46. Defendants TU, Equifax, and/or Independent have engaged in a pattern and practice of wrongful and unlawful behavior with respect to Plaintiff's accounts and consumer reports and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

## COUNT I

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 et seq.

47. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

48. Defendants TU and Equifax is each nationally known as a "consumer reporting agency," as codified at 15 U.S.C. §1681a(f).

49. Defendant Independent is an entity who, regularly and in the course of business, furnish information to one or more consumer reporting agencies about transactions or experiences with any consumer and therefore constitute a "furnisher," as codified at 15 U.S.C. § 1681s-2.

50. Plaintiff notified Defendants TU and Equifax directly of a dispute about Defendant Independent's account's completeness and/or accuracy, as reported.

51. The credit reporting agency, Defendants TU and Equifax, failed to do a reasonable reinvestigation, delete inaccurate information, reinserted the information without following the FCRA, and/or failed to properly investigate and/or reinvestigate Plaintiff's disputes.

52. Plaintiff alleges that at all relevant times Defendants TU and Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of her credit report with regard to the accounts in question in violation of 15 U.S.C. § 1681e(b).

53. Plaintiff alleges that Defendant failed to comply with the requirements of 15 U.S.C.

§ 1681s-2(b), including, but not limited to, maintaining maximum possible accuracy and performing a reasonable reinvestigation of Plaintiff's dispute.

54.     Plaintiff alleges that Defendants Independent, TU and Equifax failed to conduct a proper, reasonable and lawful investigation and/or reinvestigation as well as provide a proper consumer disclosure in violation of 15 U.S.C. § 1681i.

55.     All actions taken Defendants Independent, TU and Equifax were done willfully, with malice, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and/or state law.

56.     Defendants Independent, TU and Equifaxs' violations of the FCRA proximately caused the injuries and damages set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Independent, TU and Equifax, jointly and severally, for statutory, actual, compensatory and/or punitive damages in an amount to be determined by the trier of fact, plus attorneys' fees and interest from the date of injury and the costs and expenses of this proceeding.

## COUNT II
## DEFAMATION

57.     All paragraphs of this Complaint are expressly adopted and incorporated by

reference as if fully set forth herein.

58. Defendants Independent published false information about Plaintiff by reporting to one or more of the Consumer Reporting Agencies (CRAs) the account merely showing it as being "disputed" and/or failed to accurately reflect the status of Plaintiff's account.

59. Each time the credit reports of Plaintiff were accessed, a new publication occurred, which was the result intended by the Defendant.

60. Plaintiff alleges that the publications and defamations were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

61. Plaintiff has been damaged as a proximate result of the wrongful conduct of Defendants Independent, TU and Equifax as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Independent, TU and Equifax, jointly and severally, for compensatory and punitive damages in an amount to be determined by the trier of fact, together with interest from the date of injury and the costs and expenses of this proceeding.

## COUNT III
## INVASION OF PRIVACY

62. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

63. Defendants Independent, TU and Equifax recklessly, intentionally, and/or willfully

invaded the privacy of Plaintiff as set forth in Alabama law, including publishing false information about Plaintiff's personal financial obligations and refusing to properly update the credit reports as described in this Complaint.

64. Plaintiff has been damaged as a proximate result of Defendants Independent, TU and Equifax wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Independent, TU and Equifax, jointly and severally, for compensatory and punitive damages in an amount to be determined by the trier of fact, together with interest from the date of injury and the costs and expenses of this proceeding.

## COUNT IV
## RECKLESS, MALICIOUS, WILLFUL AND/OR INTENTIONAL CONDUCT

65. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

66. Defendant Independent, has a duty under Alabama law, and also assumed a duty through the subscriber agreement with the CRAs, to accurately report the account of Plaintiff.

67. Defendants TU and Equifax have agreed to follow and understand they must follow the requirements of the FCRA.

68. Defendants Independent, TU and Equifax have a duty under Alabama law to act reasonably under the circumstances.

69. Defendant Independent has violated this duty under Alabama law by failing to accurately report Plaintiff's account to the credit reporting agencies.

70. Defendant Independent violated its duties to Plaintiff and such violations were made willfully, intentionally, recklessly, and/or maliciously as Defendant refused to comply with all the duties each Defendant had.

71. Defendants TU and Equifax violated its respective duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as this Defendant refused to comply with all the duties it had or owed to Plaintiff.

72. Plaintiff has been damaged as a proximate result of all Defendants' wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Independent, TU and Equifax, jointly and severally, for compensatory and punitive damages in an amount to be determined by the trier of fact, together with interest from the date of injury and the costs and expenses of this proceeding.

## COUNT V
## RECKLESSNESS IN HIRING, SUPERVISING, AND/OR TRAINING

73. All paragraphs of this Complaint are expressly adopted and incorporated herein as if set forth herein in their entirety.

74. Defendants Independent, TU and Equifax were reckless or wanton in the hiring,

training, and/or supervision of their employees and/or agents.

75. The employees and/or agents of these Defendants, while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency, were incompetent to perform his/her duties and all Defendants did know, or should have known, of such incompetence.

76. The employees and/or agents of these Defendants, while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency failed to perform a reasonable reinvestigation of Plaintiff's account.

77. The willful and/or reckless conduct of those employees and/or agents of all Defendants while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency lead to the Plaintiff's account at issue in this matter being reported inaccurately on her credit reports.

78. Plaintiff has been damaged as a proximate result of all Defendants' wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Independent, TU and Equifax, jointly and severally, for compensatory and punitive damages in an amount to be determined by the trier of fact, together with interest from the date of injury and the costs and expenses of this proceeding.

                                                                                                                               s/Wesley L. Phillips  
                                                                                       Wesley L. Phillips (PHI053)  
                                                                                       Attorney for Plaintiff

OF COUNSEL:  
PHILLIPS LAW GROUP, LLC  
Post Office Box 362001  
Birmingham, Alabama 35236  
Telephone: (205) 383-3585  
Facsimile:  (800) 536-0385  
Email: wlp@wphillipslaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS MATTER .**

                                                                                       s/Wesley L. Phillips  
                                                                                      OF COUNSEL

**PLEASE SERVE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS FOLLOWS:**

Independent Bank  
c/o William C. Butler  
5050 Poplar Avenue, Suite 1617  
Memphis, Tennessee 38157-5000

Trans Union LLC  
c/o Prentice Hall  
150 S Perry Street  
Montgomery, Alabama 36104

Equifax Information Services, LLC  
c/o CSC Lawyers Incorporating Service, Inc.  
150 S. Perry Street  
Montgomery, Alabama 36104