FILED
2013 Jun-07 PM 02:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| **DAVID L. FLANIGAN,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 2:13-CV-00773-AKK |
| | ) |
| **INDEPENDENT BANK, et al.** | ) |
| | ) |
|    **Defendants.** | ) |

## OPPONENT'S RESPONSIVE SUBMISSION IN OPPOSITION TO DEFENDANT INDEPENDENT BANK'S MOTION TO COMPEL ARBITRATION

COMES NOW Plaintiff and hereby responds in opposition to Defendant Independent Bank's ("Independent") Motion to Compel Arbitration by stating and showing unto this Honorable Court as follows:

I.    PLAINTIFF'S CLAIMS ARE NOT WITHIN THE SCOPE OF THE CONTRACT.

Defendant Independent claims there exists an agreement to arbitrate Plaintiff's claims in this matter. However, Independent fails to show Plaintiff's claims are within the scope of the arbitration agreement. Plaintiff alleges eight (8) counts against Defendant Independent, including violations of the Fair Credit Reporting Act; Defamation; Invasion of Privacy; Malicious, Willful, or Intentional Conduct; Recklessness in Hiring, Supervising, and/or Training; Negligence, Recklessness,

Malicious, and/or Intentional Conduct in the Wrongful Force Placing of Insurance on Plaintiff's Account; Unjust Enrichment; and Fraud in the Wrongful Force Placing of Insurance upon Plaintiff's account.  The amount in controversy for these eight (8) counts well exceeds the $100,000 contemplated by the arbitration contract.  In addition, Plaintiff is filing a Motion to Amend his Complaint contemporaneously with his response amending the *ad damnum* clauses of the complaint to state his claim for more than $100,000 in controversy in the present matter.

The Federal Arbitration Act promotes enforcement of written agreements to arbitrate, *see* 9 U.S.C. §2, "in the manner provided for in [the parties'] agreement," *Id*. at §4. As a result, contracting "parties who do agree to arbitrate" are free to "exclud[e] certain claims from the scope of their arbitration agreement." *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 478, 109 S.Ct. 1248, 1255 (1989).  The FAA requires courts to "enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms." *Volt*, 489 U.S. at 478, 109 S.Ct. 1255.  In the case at bar, the arbitration agreement excludes Plaintiff's claims as there is more than $100,000 in controversy in this action.  Thus, Defendant Independent's Motion to Compel Arbitration is due to be denied.

II.     DEFENDANT INDEPENDENT HAS NOT SHOWN THE AMOUNT IN

CONTROVERSY IS WITHIN THE SCOPE OF THE ARBITRATION CONTRACT

Defendant Independent has failed to show the arbitration contract includes Plaintiff's claims in the instant matter. Defendant Independent should be required to prove the amount in controversy is within the scope of the arbitration agreement. The Eleventh Circuit has stated in the removal context "where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1208 (11th Cir. 2007). The Court also found that a removing defendant "must establish the amount in controversy by '[t]he greater weight of the evidence. … [a] superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other.'" *Lowery*, 483 F.3d at 1208.

Just as in the context of removal, there should not be speculation as to whether the amount in controversy places Plaintiff's complaint within the scope of the arbitration agreement. Plaintiff's Amended Complaint fails to specify an amount in controversy and an amount should not be attributed to the Complaint absent a preponderance of evidence which Defendant Independent cannot show. Plaintiff has alleged eight (8) claims against Defendant Independent, several of which allow for punitive damages, so if any amount can be inferred in Plaintiff's Complaint, it is the

amount in controversy for Plaintiff's claims exceeds the $100,000 threshold for the arbitration of Plaintiff's claims.

III. **EVEN IF PLAINTIFF'S CLAIMS ARE TO ARBITRATED WITH INDEPENDENT, THE OTHER DEFENDANTS ARE TO BE SEVERED**

Assuming, *arguendo*, that Plaintiff's claims are within the scope of the arbitration agreement, the contract itself does not allow joinder of parties and the remaining parties are due to be severed from the claims to be arbitrated and heard in this Honorable Court[1]. The plain language of the contract states in all capital letters, bold type face that "there shall be **NO JOINDER OF PARTIES** except those parties obligated under the contract[2]." It is clear from a plain reading of the contract the only parties having obligations under the contract are Plaintiff and Defendant Independent. The remaining parties have no obligations under the contract, and as a result, are not within the scope of the arbitration agreement. Therefore, even if the Court finds Plaintiff's claims against Independent are subject to arbitration, his claims against the remaining Defendants are due to be heard in this Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests this Honorable Court to **deny** Defendant Independent Bank's Motion to Compel Arbitration.

Respectfully submitted this 7th day of June, 2013.

---

[1] *See* Doc 13-1, p. 7, ¶6.

[2] *Id.*

                                        s/Wesley L. Phillips
                                        Wesley L. Phillips (PHI053)
                                        Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 362001
Birmingham, Alabama 35236
Telephone: (205) 383-3585
Facsimile:  (800) 536-0385
Email: wlp@wphillipslaw.com

## CERTIFICATE OF SERVICE

     I hereby certify that I have served a copy of the above and foregoing on the parties/attorneys of record by filing the foregoing on the CM/ECF filing system which will electronically serve a copy of the foregoing to the parties of record this the 7th day of  June , 2013.

William H. Hancock
WOLFE JONES CONCHIN WOLFE, LLC
905 Bob Wallace Avenue
Huntsville, AL 35801

Matthew W. Robinett
NORMAN, WOOD, KENDRICK & TURNER
1130 22nd Street South
Birmingham, AL 35205

Kary Bryant Wolfe
JONES WALKER LLP
One Federal Place
1819 5th Avenue North, Suite 1100
Birmingham, AL 35203

                                        s/Wesley L. Phillips
                                        OF COUNSEL