FILED
2013 Jun-12 PM 03:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID L. FLANIGAN, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CASE NO.: 2:13-CV-00773-AKK |
| ) | |
| INDEPENDENT BANK, et al., ) | |
| ) | |
| DEFENDANTS. ) | |

### DEFENDANT, INDEPENDENT BANK'S, REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO COMPEL ARBITRATION

**COMES NOW** Defendant, Independent Bank, by and through counsel and submits its Reply Brief to the Plaintiff, David L. Flanigan's, Response to Independent Bank's Motion to Stay and Compel Arbitration and in support thereof would state as follows:

The Plaintiff, David Flanigan, hereinafter referred to as the "Plaintiff" initiated suit against Independent Bank (hereinafter referred to as "Independent") and two credit reporting agencies based on what the Plaintiff describes as inaccurate credit reporting. Independent has asserted that the Plaintiff's claims, as against Independent, are due to be arbitrated.

The Arbitration Agreement requires "all disputes claims, or controversies for less than $100,000.00 whether based in contract, tort or otherwise that arise from or relate to [their] contract or the relationships from [their] contract shall be settled

by binding arbitration…" PACER Doc. 13, Exhibit 1-B. The Plaintiff's Responsive Submission to Independent's Motion to Stay and Compel Arbitration argues that the Plaintiff's claims exceed the $100,000 threshold referenced in the Arbitration Agreement. PACER Doc. 23. The Plaintiff's Responsive Submission additionally suggests that Independent has not shown that the amount in controversy is less than $100,000. PACER Doc. 23. Lastly, the Plaintiff's Responsive Submission indicates that his claims against the credit reporting agencies should be severed in the event that the claims against Independent are submitted to arbitration. PACER Doc. 23[1].

## I.    The Amount in Controversy Should be Determined by an Arbitrator.

Courts are tasked with determining questions of arbitrability. Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83, 123 S.Ct. 588 (2002). More specifically, there are two narrow questions of arbitrability that that are reserved for the court to decide: "(1) 'a gateway dispute about whether the parties are bound by a given arbitration clause,' and (2) 'a disagreement about whether an arbitration clause in a concededly binding contract applies to a particular type of controversy.'" State Farm Fire & Cas. Co. v. Pentair, Inc., (Not Reported) 2012 WL 3904104 citing Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83-84.

---

[1] Independent does not oppose the severing of defendants.

In this instance, the Plaintiff does not dispute whether or not he is *bound* by the Arbitration Agreement. The Plaintiff also does not dispute that the *particular type* of claims are subject to arbitration. The Plaintiff's lone contention is that the amount in controversy exceeds $100,000.

The Court's role in determining arbitrability is to decide whether or not the parties entered into an agreement to arbitrate and to decide if the arbitration agreement calls for arbitration of that type of controversy. See Howsam, 537 U.S. 79, 83-84. When the only question before the Court with regard to the arbitrability of the Plaintiff's claims is the amount of those claims, such a question is precisely the question to be reserved for the arbitrator.

The facts of the case at bar are very similar to the facts recited in State Farm Fire & Cas. Co. v. Pentair, Inc., where an arbitration agreement included the same $100,000 ceiling present here. (Not reported) 2012 WL 3904104. State Farm and Pentair argued over whether or not 108 separate claims should be aggregated into one suit (for a single, aggregate claim of more than $100,000), or arbitrated separately (with each claim falling under the $100,000 limit). Id. The District Court for the Northern District of Illinois, Eastern Division determined that the question of the amount of the claim should be left up to the arbitrator. Id. citing Employers Ins. Co. of Wausau v. Century Indem. Co., 443 F.3d 573 (7th Cir. 2006).

The Plaintiff relies on <u>Lowery v. Alabama Power Co.</u> for the premise that the removing party bears the burden of establishing jurisdiction for removal. 483 F.3d 1184 (11th Cir. 2007). The <u>Lowery</u> decision is plainly distinguishable though, because it is based upon the removal of a state court class action to federal court under the Class Action Fairness Act. 483 F.3d 1184. Obviously, the case at bar does not touch on removal or the Class Action Fairness Act. This case is due to be arbitrated based upon a written contract between the parties.

## II.   The Plaintiff's Proposed Amendment of the Complaint Does not Defeat Arbitration.

The balance on the Plaintiff's account with Independent at the time of the he filed suit was $905.89. See affidavit of Tonya Billings attached hereto as labeled as "Exhibit 1." The Plaintiff has represented to this Court that "the amount in controversy for these eight (8) counts well exceeds the $100,000 contemplated by the arbitration contract." See PACER Doc. 23, Page 2. The Plaintiff asserts that when aggregated, the claims exceed $100,000. Independent disputes that there are any claims alleged in pleadings, or not that could approach $100,000. The balance due on the Plaintiff's account with independent was less than $1,000 at the time the Plaintiff filed the instant action. Even if the Court were to find that Independent was culpable for any wrongdoing, the Plaintiff would have to be awarded punitive damages in an amount more than 100 times the balance of the note in order to

reach that threshold. Following precedent set out in BMW v. Gore, 532 U.S. 923 (2001), there are no circumstances where such an award would be feasible. The amendment of an ad damnum clause does not create evidence to the contrary.

**RESPECTFULLY** submitted this the 12th day of June, 2013.

_____
William M. Hancock (HAN059)
*Attorney for Defendant*
**Wolfe, Jones, Conchin, Wolfe, Hancock & Daniel, LLC**
905 Bob Wallace Avenue, Suite 100
Huntsville, Alabama 35801
wmhancock@wolfejones.com

### CERTIFICATE OF SERVICE

I hereby certify the foregoing has been duly served on the listed parties by placing a copy of same in U.S. mail, postage pre-paid, or through the electronic filing system this the 12th day of June, 2013.

Hon. Wesley L. Phillips
Phillips Law Group, LLC
Post Office Box 362001
Birmingham, Alabama 35236

Hon. Matthew W. Robinett
Norman, Wood, Kendrick & Turner
Financial Center, Suite 1600
505 20th Street North
Birmingham, Alabama 35203

Hon. Kary Bryant Wolfe
Jones Walker LLP
One Federal Place
1819 5th Avenue North, Suite 1100
Birmingham, Alabama 35203

_____
William M. Hancock